UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

ALYDA R. CHIMENE,

      Plaintiff,

v.

ROYAL CARIBBEAN CRUISES LTD.,
and MC TOURS,

      Defendants.

_____/

## COMPLAINT AND JURY DEMAND

      Plaintiff, ALYDA R. CHIMENE (hereinafter, "Plaintiff"), by and through undersigned

counsel, hereby sues Defendant, ROYAL CARIBBEAN CRUISES LTD. (hereinafter, "RCCL")

and MC TOURS (hereinafter collectively referred to as, "Defendants"), and alleges:

## THE PARTIES AND JURISDICTION

   1.   This is an action seeking damages in excess of $75,000.00, exclusive of interest, costs and

attorney's fees.

   2.   This Court has diversity subject matter jurisdiction pursuant to 28 U.S.C. § 1332 as this is

a civil action in which the matter in controversy exceeds the sum or value of $75,000, exclusive

of interest and costs, and is between citizens of different States and/or citizens of a State and

citizens or subjects of a foreign state.

   3.   This Court also has Admiralty subject matter jurisdiction pursuant to 28 U.S.C. § 1333 as

this case involves a maritime tort. The type of incident and injuries suffered by Plaintiff had the

potential to impact maritime commerce as shore side excursions are a part of the cruise experience

and sold by cruise lines aboard their cruise ships. This action is being filed in this Court pursuant

to the terms and conditions in the Passenger Contract Ticket issued by Defendant RCCL.

*Chimene v. Royal Caribbean Cruises Ltd. et. al.*

4.     Plaintiff, is sui juris, and is a resident of Texas.  Plaintiff was a passenger onboard the cruise ship *Navigator of the Seas*.

5.     RCCL is a Liberian company with its principal place of business and base of operations located in Miami, Florida.

6.     At all times material hereto, RCCL owned and operated the cruise ship *Navigator of the Seas*.

7.     This Court has personal jurisdiction over RCCL as**:**

    a.   RCCL's principal place of business is located within Miami-Dade County, Florida;

    b.   RCCL conducts substantial business within the State of Florida, including but not limited to operating cruises from Miami, Tampa, Cape Canaveral, Ft. Lauderdale, and Jacksonville, markets cruise vacations to Floridians, contracts with several Florida companies to provision its cruises ship while in Florida ports, and employs several thousand Floridians to work at its Miami headquarters; and/or

    c.   At all times material thereto, RCCL owned, operated, managed, maintained and/or controlled the vessel, the *Navigator of the Seas*.

8.     MC Tours is a Honduran corporation with its principal place of business located in Honduras.  At all times material thereto, MC Tours owned and/or operated and subject Extreme Caribe Zip Line (hereinafter "Caribe Zip Line") excursion, which was offered, arranged for, sponsored, recommended, marketed, sold, co-operated and/or managed by RCCL;

9.     This Court has personal jurisdiction over MC Tours because:

*Chimene v. Royal Caribbean Cruises Ltd. et. al.*

a.  MC Tours operates, conducts and/or engages in substantial business or business venture(s) within the State of Florida pursuant to Florida Statute § 48.193(1)(a) and its contacts with Florida are a large part of what enables it to sell its tour packages to cruise ship passengers.  These contacts include conducting an ongoing business relationship with RCCL and other Florida based cruise lines such as NCL (Bahamas) Ltd., and Carnival Corp. for marketing and selling of tour excursions packages, including the Caribe Zip Line.

b.  Maintaining a bank account in Florida; receiving payment for its excursions in Florida; procuring insurance for the excursion in Florida; traveling to Florida for the purpose of soliciting business; attending business meetings in Florida associated with the provision of excursions;

c.  MC Tours' substantial business in the State of Florida is conducted through agents/joint venturers, partners, such as RCCL.

d.  MC Tours entered into a Standard Shore Excursion Independent Contractor Agreement with RCCL and other Florida based cruise lines such as, NCL (Bahamas) Ltd. and Carnival Corp. to provide tours to their passengers. Pursuant to those agreements, RCCL markets and sells the excursions to its passengers;

e.  MC Tours acts as an agent for, partner of and/or was engaged in a joint venture with, RCCL as to the excursions provided by RCCL.

f.  MC Tours has agreed to indemnify RCCL for the claims made in this Complaint within the meaning of Florida Statute 48.193(d);

g.  At all times material thereto, MC Tours entered into a contract with RCCL for the protection of RCCL's passengers, wherein MC Tours agreed to subject itself to the laws and jurisdiction of the State of Florida, consented to personal jurisdiction, and/or consented to venue of the United States District Court for the Southern District of Florida;

h.  Within its contract with the various Florida-based cruise lines including RCCL, MC Tours has agreed to forum selection clauses wherein disputes between it and the cruise lines are resolved in Florida courts;

i.  Within the cruise ticket contract, MC Tours receives the benefit of various provisions including notice of claims and forum selection clauses;

j.  MC Tours maintains a mailing address in Miami, Florida at MC Tours – Honduras, IMC SAP, Dept. 147, PO Box 52-.3900, Miami, Florida;

k.  MC Tours directs its customers to send payment for its excursions at its Miami mailing address as listed on the Terms and Conditions Page of its website: http://mctours-honduras.com/index.php?option=com_content&view=article&id=433&Itemid=524&lang=en;

l.  MC Tours advertises, markets, and/or sells Caribe Zip Line excursion tickets through RCCL's website, which is administered in Florida and/or the United States.

10.  Alternatively, this Court has personal jurisdiction over MC Tours under Fed.R.Civ.P. 4(k)(2) as:

*Chimene v. Royal Caribbean Cruises Ltd. et. al.*

a.  All claims alleged in this civil action are governed under the Federal General Maritime Law; and,

b.  MC Tours has purposefully availed itself of the privilege of conducting activities within the United States as a whole by:

    i.  Targeting United States tourists in their promotional efforts and by advertisement within the United States including through its official website http://mctours-honduras.com/index.php?option=com_content&view=frontpage&Itemid=371&lang=en

Facebook page https://www.facebook.com/MCTours.Honduras

Twitter page  https://twitter.com/HondurasTravel

Linked In page   https://www.linkedin.com/company/mc-tours---honduras through which text is printed in English and tourists can book excursion packages;

    ii.  Advertising and promoting its excursion packages through business relationships with RCCL, NCL (Bahamas), Ltd and/or Carnival Corp; and/or

    iii.  Selling shore excursion tickets through RCCL's website, which is administered in Florida and/or the United States.

## <u>GENERAL ALLEGATIONS</u>

11.  RCCL advertises and markets, through its web site, print material, onboard announcements and onboard television programing shore excursions for passengers to participate in as part of their

cruise experience, including the Caribe Zip Line tour.  RCCL obtains payment for the excursions online and onboard the cruise through the guests' SeaPass account.

12.   Cruise passengers cannot purchase shore excursions until they have a reservation number from RCCL and once they are confirmed for their trip with RCCL.  While onboard the ship, cruise passengers have three ways to book excursions: 1) visit the shore excursion desk, 2) fill out the order form in the guest's stateroom, and 3) use the interactive TV system available on most ships.

13.   As the top reasons to book RCCL's shore excursions, RCCL states its guests are guaranteed priority departure in port, are provided flexible cancellation policies, are guaranteed return to ship and the excursions are planned by "**insured *partners* who adhere to the highest safety standards in the industry."**

14.   Plaintiff and her daughter booked a cruise aboard the *Navigator of the Seas* with RCCL.

15.   After completing the booking of the cruise on the RCCL website, RCCL offered Plaintiff different shore excursions to purchase.  One of those excursions was the Caribe Zip Line.

16.   The RCCL website advertised the Caribe Zip line as having a maximum weight limit of 320 pounds.  Based upon such advertisement and information provided on the RCCL website, Plaintiff chose the Caribe Zip Line and purchased it through the RCCL website.  Plaintiff trusted that being a RCCL excursion, it would adhere to the highest safety standards in the industry and would be appropriately vetted initially and on an ongoing basis.

17.   On September 3, 2015, the *Navigator of the Seas* called on Roatan, Honduras.

18.   At the Caribe Zip Line location, Plaintiff listened attentively to the safety briefing and followed all directions carefully.  As she was zip lining to the other platform Plaintiff crossed her legs and lifted them as high as she could in accordance with the safety briefing.  However, because

*Chimene v. Royal Caribbean Cruises Ltd. et. al.*

there was too much slack in the line, when she reached the other platform she violently struck her legs onto the front of the platform suffering severe injuries.

19.   The impact with the platform ripped the skin off Plaintiff's lower legs leaving bone, tendons and muscles exposed. Once Plaintiff was helped onto the platform, she had to reach down and pull the hanging flap of skin onto her legs to cover the exposed wound.



20.   After waiting approximately thirty (30) minutes, Plaintiff was rushed via ambulance to the nearest emergency facility, Wood Medical Center where she underwent an operation primarily to clean and close the wound.

21.   A day later, Plaintiff was evacuated via air ambulance to Memorial Hermann Trauma Institute where she underwent ten (10) operations consisting of incision, debridement and drainage procedures with wound vac exchanges and eventually skin grafts from skin taken from her left thigh.

22.   As of the date of this Complaint, Plaintiff continues to have swelling, pain and decreased mobility because of this injury.    Additionally, Plaintiff has disfiguring scars.

*Chimene v. Royal Caribbean Cruises Ltd. et. al.*



23.  MC Tours is an agent of RCCL, partners with RRCL and/or is a joint venturer with RCCL. Any representations of RCCL to the contrary do not control the legal status of the parties.  Further, even if the excursion operator were an independent contractor, RCCL is not relieved of its duty to verify that its representations made in its literature and elsewhere about its excursion operators are true, that is, that the "insured partners adhere to the highest safety standards in the industry."

24.  RCCL chooses and negotiates contracts with various providers of excursions all over the world including in Honduras, the location of the zip-line in this case.  RCCL then coordinates and contracts with the operators of the excursion to arrange for passengers to participate in the excursions and contracts the operators of the excursion to receive the proceeds of the excursion and to pay the operators of the excursion their percentage.

25. To all outward appearances, RCCL was the operator of the excursion and, any representations contained in any of the fine print of its literature never expressly advised Plaintiff

*Chimene v. Royal Caribbean Cruises Ltd. et. al.*

that it was not operating the excursion or advised Plaintiff of the identity of the excursion operator to allow Plaintiff to inquire about the operator's safety measures and standards.

26.  RCCL employs personnel at excursion desks to promote its excursions, to assist passengers in signing up for the excursions, and to organize the passengers on the days on which they go on the excursions.

27.  At all times material hereto, RCCL participated in the income and losses generated by the operation of the excursions including the Caribe Zip Line tour.  RCCL receives a substantial amount of income from the sale of these excursions and in fact splits the excursion revenue with the owner of the excursion.

28.  All conditions precedent for filing and maintaining this action have been fulfilled, performed or waived.

## COUNT I
## (NEGLIGENCE AGAINST RCCL)

Plaintiff re-alleges all allegations pled in paragraphs 1 through 28 above as if alleged fully herein.

29.  RCCL and/or its agents, servants, joint venturers and/or employees owed Plaintiff a duty to warn of dangers of which the carrier knew or reasonably should have known.  This duty extends beyond the port to places where the passenger is invited to or may reasonably be expected to visit. RCCL advertised, marketed and sold the Caribe Zip Line excursion to Plaintiff and thus should have expected Plaintiff to visit it and participate in it.[1]

30.  The Defendant, RCCL:

---

[1] The zip line is advertised on RCCL's website:
http://www.royalcaribbean.com/shoreExcursions/product/detail/view.do?sourcePage=shorexByPort&ProductCode=RT86&DestinationCode.

*Chimene v. Royal Caribbean Cruises Ltd. et. al.*

   a.  Had actual knowledge of the dangerous conditions aboard the subject zip line excursion as it:

      i.  Upon information and belief, visited and participated in the excursion as part of its approval process for selecting the subject excursion to be offered to its passengers; and/or

      ii.  Received guest feedback of the tour in comment forms from previous passengers about the dangerous conditions aboard the subject zip line; and/or

      iii.  Received complaints from previous passengers about the dangerous conditions aboard the subject zip line; and/or,

      iv.  Was told by its passenger(s) that they suffered injuries during the zip line as a result of the operator's negligent operation of same; and/or,

      v.  Reviewed complaints of prior passengers that posted on the internet discussing the unreasonably hazardous conditions on the subject zip line.

   b.  Had constructive knowledge of the unreasonably dangerous condition as it:

      i.  Existed for a sufficient length of time so that RCCL should have known of it by the exercise of ordinary care when visiting the site to ensure it is safe for its passengers; and/or,

      ii.  Is mentioned in online travel forums including cruise travel forums found on the internet https://www.tripadvisor.com/ShowUserReviews-g292019-d2182223-r190405365-Caribe_Sky_Canopy_Tour-Roatan_Bay_Islands.html#REVIEWS

31.  RCCL breached its duty to warn Plaintiff and was negligent by:

a. Failing to provide adequate warnings of the dangerous conditions for the Caribe Zip Line;

b. Failing to warn the Plaintiff and other cruise ship passengers that RCCL does not inspect and/or maintain the subject zip line excursion;

c. Failing to advise the Plaintiff and other cruise ship passengers that RCCL does not verify that zip lines and platforms used for the subject zip line excursion are reasonably safe and/or inspected;

d. Failing to warn passengers that the Caribe Zip Line does not have padding on its platforms and is not equipped with a brake; and

e. Falsely advertising that its excursion operators adhered to the highest safety standards of the industry despite knowledge that Caribe Zip Line is not a certified by the Trade Association (Association for Challenge Course Technology) which certifies zip line rides all over the world and sets minimum standards for developing and running challenge courses; and

f. Failing to warn passengers that the Caribe Zip Line was not certified by ACCT.

32. As a direct and proximate result of the breach of the duty alleged above, Plaintiff suffered bodily injury, pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, surgery, medical and nursing care and treatment and loss of earnings and loss of the ability to earn money. These losses are either permanent or continuing.

**WHEREFORE**, the Plaintiff demands judgment against RCCL for damages suffered as a result of the alleged accident and injury including pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of

life, hospitalization, medical and nursing care and treatment and lost earnings experienced in the past and to be experienced in the future together with all taxable court costs and prejudgment interest.

## COUNT II
## (NEGLIGENT SELECTION AND RETENTION OF TOUR OPERATOR AGAINST RCCL)

Plaintiff re-alleges all allegations pled in paragraphs 1 through 28 above as if alleged fully herein.

33.  RCCL had the duty to exercise reasonable care to employ a competent and careful tour operator to perform the excursion;

34.  RCCL breached its duty by:

   a.  Failing to reasonably inquire into the credentials and qualifications of MC Tours;

   b.  Failing to periodically request MC Tours to provide to RCCL safety inspection reports of the zip line;

   c.  Selecting a tour operator, MC Tours that failed to equip its platforms with padding;

   d.  Selecting a tour operator, MC Tours that was not certified by ACCT;

   e.  Failing to institute safety inspection procedures to make sure that the dangerous conditions on the zip line were discovered and made safe;

   f.  Selecting a tour operator, MC Tours that failed to equip its lines with brakes;

   g.  Selecting a tour operator, MC Tours, who failed to operate the zip line excursion in a reasonably safe manner; and/or

   h.  Selecting a tour operator who was inattentive of Passengers' (including Plaintiff's) safety.

*Chimene v. Royal Caribbean Cruises Ltd. et. al.*

35.  RCCL knew or reasonably should have known that the tour operator, MC Tours was incompetent or unfit to conduct the subject excursion as:

a.  MC Tours did not equip its platforms with padding;

b.  MC Tours did not equip its lines with brakes;

c.  MT Tours was not certified by ACCT;

d.  RCCL knew of MC Tour's incompetence as other passengers were injured on the subject zip line while on an excursion conducted by MC Tours;

e.  RCCL received complaints from previous passengers about MC Tours' incompetent and/or unfit operation of the subject zip line;

f.  RCCL was told by its passenger(s) that they suffered injuries during the subject zip line as a result of the operator's negligent operation of said zip line;

g.  RCCL reviewed complaints of prior passengers that posted on the internet discussing the unreasonably hazardous conditions on the subject zip line, including but not limited to the tour operator's incompetent and/or unfit operation of the zip line;

h.  The tour operator, MC Tours', incompetence and/or unfitness existed for a sufficient length of time so that RCCL should have known of it by the exercise of ordinary care when visiting the site to ensure it is safe for its passengers; and/or;

i.  The tour operator, MC Tours', incompetence and/or unfitness is mentioned in online travel forums including cruise travel forums found on the internet https://www.tripadvisor.com/ShowUserReviews-g292019-d2182223-r190405365-Caribe_Sky_Canopy_Tour-Roatan_Bay_Islands.html#REVIEWS.

36.  As a direct and proximate result of the breach of the duty alleged above, Plaintiff suffered bodily injury, pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the

enjoyment of life, expense of hospitalization, surgery, medical and nursing care and treatment and loss of earnings and loss of the ability to earn money. These losses are either permanent or continuing.

**WHEREFORE**, the Plaintiff demands judgment against RCCL for damages suffered as a result of the alleged accident and injury including pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, hospitalization, medical and nursing care and treatment and lost earnings experienced in the past and to be experienced in the future together with all taxable court costs and prejudgment interest.

### COUNT III
### (APPARENT AGENCY OR AGENCY BY ESTOPPEL CLAIM AGAINST RCCL)

Plaintiff re-alleges all allegations pled in paragraphs 1 through 28 above as if alleged fully herein.

37.  At all times material thereto, MC Tours was the apparent agent of RCCL.

38.  At all times material thereto, RCCL is estopped to deny that MC Tours was its agent or employee.

39.  At all times material thereto, RCCL made manifestations which caused Plaintiff to believe that MC Tours had authority to act for the benefit of RCCL. These manifestations included:

    a.  RCCL allowed its name to be utilized in connection with the advertising of MC Tours;

    b.  RCCL made all arrangements for the subject zip line excursion without effectively disclosing to Plaintiff that the subject zip line excursion was being run by another entity (and/or entities);

*Chimene v. Royal Caribbean Cruises Ltd. et. al.*

   c.  RCCL marketed the subject zip line excursion using its company logo on its website and/or in its brochures and/or its ship without effectively disclosing to Plaintiff that said excursion was being run by another entity (and/or entities);

   d.  RCCL maintained an excursion desk on its ship whereby it offered, sold, provided information to, and answered questions of passengers about the subject zip line excursion without effectively disclosing to Plaintiff that said excursion was being run by another entity (and/or entities);

   e.  Until the point that Plaintiff actually participated in the subject zip line excursion, the Plaintiff's exclusive contracts concerning the subject excursion was with RCCL;

   f.  RCCL recommended to Plaintiff to not engage in excursions, tours, activities that are not sold through RCCL as RCCL has no familiarity with other tours or their operations;

   g.  RCCL assured Plaintiff that its insured partners adhered to the highest safety standards in the industry;

   h.  Plaintiff received their receipts exclusively from RCCL for the purchase of the subject zip line excursion; and/or

   i.  The fee for the excursion was charged to the Plaintiff, and collected from the Plaintiff, exclusively by RCCL.

40.   Plaintiff reasonably relied on the above, to her detriment, so as to believe that MC Tours' personnel were the employee(s) and/or agent(s) of RCCL in choosing the subject zip line excursion.

41.   It was reasonable to believe that MC Tours' personnel were RCCL's employee(s) and/or agent(s) because the Plaintiff booked, paid for and made all necessary arrangements for the subject shore excursion with RCCL. RCCL's actions caused Plaintiff to believe that MC Tours had

*Chimene v. Royal Caribbean Cruises Ltd. et. al.*

authority to act on RCCL's behalf. At no time did MC Tours represent to the Plaintiff in particular or the cruise ship's passengers in a meaningful way that MC Tours' personnel were not agents or employees of RCCL.

42.  Plaintiff's reasonable reliance was detrimental because she would not have booked, paid for and/or participated in the subject zip line excursion or incurred any injuries had the Plaintiff known the subject excursion was not operated by RCCL.

43.  The foregoing acts of negligence of RCCL and/or MC Tours were a direct and proximate cause of the Plaintiff's injuries.

44.  As a result of Defendants' negligence, Plaintiff suffered bodily injury and possibly aggravation of pre-existing conditions, pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, surgery medical and nursing care and treatment and loss of earnings.  These losses are either permanent or continuing.

**WHEREFORE**, the Plaintiff demands judgment against MC Tours for damages suffered as a result of the alleged accident and injury including pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, hospitalization, medical and nursing care and treatment and lost earnings experienced in the past and to be experienced in the future together with all taxable court costs and prejudgment interest.

**COUNT IV**
**(JOINT VENTURE BETWEEN RCCL AND MC TOURS)**

Plaintiff re-alleges all allegations pled in paragraphs 1 through 28 above as if alleged fully herein.

45.  At all times material thereto, RCCL and MC Tours were engaged in a joint venture to provide excursions to passengers aboard RCCL's ship(s).

*Chimene v. Royal Caribbean Cruises Ltd. et. al.*

46.   At all times material thereto, RCCL and MC Tours entered into an agreement where RCCL would sell the subject zip line excursion to its passengers and MC Tours would operate said excursion.

47.   As part of the joint venture, RCCL arranged for, sponsored, recommended, marketed, operated, sold and/or collected money for the subject zip line excursion and the money was then shared between RCCL and MC Tours. As its part of the joint venture, MC Tours provided labor and/or operated the subject zip line excursion.

48.   RCCL, on behalf of the joint venture, charged a fee to passengers who utilized the excursion(s). The fee was split between RCCL and MC Tours.

49.   At all times material thereto, RCCL and MC Tours had joint and/or shared control over aspect of the joint venture.  MC Tours had control over the day-to-day working of the excursion(s). RCCL also had control over the day-to-day workings of the excursions in that they required MC Tours to exercise reasonable care in the operation of the subject zip line excursion. RCCL had control over the arrangements, marking, and sales of the excursion.

50.   At all times material thereto, RCCL and MC Tours shared a common purpose: to operate the subject zip line excursion for a profit.

51.   At all times material thereto, RCCL and MC Tours had a propriety and/or ownership interest in the subject zip line excursion. RCCL had an interest in arranging, sponsoring, recommending, advertising, operating, and selling the subject excursion as well as collecting money for such an excursion, and MC Tours had a propriety interest in the time and labor expended in operating the subject excursion.

52.   At all times material thereto, RCCL and MC Tours shared any losses sustained from the joint venture.

*Chimene v. Royal Caribbean Cruises Ltd. et. al.*

53. RCCL and MC Tours are jointly and severally responsible for each other's negligence as partners of the partnership and/or joint venture.

54. At all times material thereto, RCCL and MC Tours therefore:

    a. Hand an intention to create a joint venture;

    b. Had a joint propriety interest in the subject manner of the venture;

    c. Had mutual control and/or joint control over the subject matter of the venture with respect to the provision of excursions to passengers aboard the ship;

    d. Had a right to share in the profits of the joint venture; and

    e. Would share losses which may have been sustained.

55. As joint venturers, RCCL and MC Tours are liable for each other's negligence. As a result, RCCL is liable for the negligent conduct of MC Tours.

56. As a result of the foregoing negligence, which was the direct and proximate cause of Plaintiff's injuries, Plaintiff suffered bodily injury and possibly aggravation of pre-existing conditions, pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, surgery medical and nursing care and treatment and loss of earnings.  These losses are either permanent or continuing.

**WHEREFORE**, the Plaintiff demands judgment against RCCL for damages suffered as a result of the alleged accident and injury including pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, hospitalization, medical and nursing care and treatment and lost earnings experienced in the past and to be experienced in the future together with all taxable court costs and prejudgment interest.

*Chimene v. Royal Caribbean Cruises Ltd. et. al.*

## COUNT V
## (NEGLIGENT MISREPRESENTATION AGAINST RCCL)

Plaintiff re-alleges all allegations pled in paragraphs 1 through 28 above as if alleged fully herein.

57.   RCCL is in the business of providing vacation cruises aboard ships including the *Navigator of the Seas* to the general public, owed and/or voluntarily undertook and assumed a duty to Plaintiff to provide to her truthful and accurate information.

58.   RCCL through its agents, servants, and/or employees breached that duty by misrepresenting as a material fact that the operators of the shore excursions, which it refers to as partners, adhere to the highest safety standards in the industry despite knowing that MC Tours was not certified by ACCT; which certifies zip lines all over the world and sets minimum standards for developing and running challenge courses such as Caribe Zip Line.

59.   RCCL through its agents, servants and/or employees made said representations of fact to Plaintiff believing them to be true when they were in fact false;

60.   RCCL through its agents, servants and/or employees intentionally made said misrepresentations of fact to Plaintiff knowing they were in fact false; and/or

61.   RCCL through its agents, servants and/or employees intentionally made said representations of fact to Plaintiff not knowing whether they were in fact true or false.

62.   RCCL through its agents, servants and/or employees made said representations of fact to Plaintiff with the intent that Plaintiff would rely on said negligent misrepresentations of fact.

63.   Plaintiff justifiably relief on the aforesaid misrepresentations of fact by purchasing and participating in the Caribe Zip Line.

*Chimene v. Royal Caribbean Cruises Ltd. et. al.*

64.  As a result of the foregoing negligence, which was the direct and proximate cause of Plaintiff's injuries, Plaintiff suffered bodily injury and possibly aggravation of pre-existing conditions, pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, surgery medical and nursing care and treatment and loss of earnings.  These losses are either permanent or continuing.

**WHEREFORE**, the Plaintiff demands judgment against RCCL for damages suffered as a result of the alleged accident and injury including pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, hospitalization, medical and nursing care and treatment and lost earnings experienced in the past and to be experienced in the future together with all taxable court costs and prejudgment interest.

## COUNT VI
## <u>(NEGLIGENCE AGAINST MC TOURS)</u>

Plaintiff re-alleges all allegations pled in paragraphs 1 through 28 above as if alleged fully herein.

65.  At all times material thereto, MC Tours owned and/or operated the subject zip line excursion.

66.  It was MC Tours' duty to provide Plaintiff with reasonable care under the circumstances.

67.  MC Tours and/or its agents, servants, joint venturers and/or employees breached their duty to provide Plaintiff with reasonable care under the circumstances by:

    a.  Failing to exercise reasonable care under the circumstances;

    b.  Failing to provide a safe excursion;

    c.  Failing to equip the zip line platforms with padding so as to protect participants from injuring themselves in the likely event that they would crash against the platforms;

  d. Failing to be certified by ACCT;

  e. Failing to properly supervise and oversee the excursion marketed, advertised, offered and sold to its participants;

  f. Failing to adequately warn Plaintiff of the dangers of participating the subject zip line excursion;

  g. Failing to advise the Plaintiff and other cruise passengers that RCCL does not inspect and/or maintain the transportation used for the subject zip line excursion;

  h. Failing to ensure that properly trained and supervised persons operated the subject zip line excursion;

  i. Having a zip line excursion that was not competently operated.

68. Defendant, MC Tours, knew of the foregoing conditions causing the subject accident and did not correct them, or the condition existed for a sufficient length of time so that the excursion providers, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.

69. As a direct and proximate result of the breach of the duty alleged above, Plaintiff suffered bodily injury and possibly aggravation of pre-existing conditions, pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, surgery medical and nursing care and treatment and loss of earnings.  These losses are either permanent or continuing.

  **WHEREFORE**, the Plaintiff demands judgment against MC Tours for damages suffered as a result of the alleged accident and injury including pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, hospitalization, medical and nursing care and treatment and lost earnings experienced in the

*Chimene v. Royal Caribbean Cruises Ltd. et. al.*

past and to be experienced in the future together with all taxable court costs and prejudgment interest.

## DEMAND FOR JURY TRIAL

The Plaintiff hereby demands trial by jury of all issues so triable of right.

**Submitted this 1st day of September, 2016.**

**BRAIS BRAIS RUSAK**
Counsel for Plaintiff
Dadeland Office Park
9300 S. Dadeland Blvd., Suite 101
Miami, Florida 33156
Telephone: (305) 416-2901
Facsimile: (305) 416-2902

By:  */s/ Keith S. Brais*_____
KEITH S. BRAIS
Florida Bar No.: 0863319
RICHARD D. RUSAK
Florida Bar No.: 0614181
JULIETH A. FRESCO
Florida Bar. No.: 96256