UNITED STATES DISTRICTCOURT SOUTHERN
DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 16-CV-23775-FAM

ALYDA R. CHIMENE,

      Plaintiff,

v.

ROYAL CARIBBEAN CRUISES
LTD., MC TOURS, GRUPO
PALMAS, S.A., CARIBE SKY
CANOPY TOUR,

      Defendants.

_____/

## AMENDED COMPLAINT AND JURY DEMAND

Plaintiff, ALYDA R. CHIMENE (hereinafter, "Plaintiff"), by and through undersigned counsel, hereby sues Defendant, ROYAL CARIBBEAN CRUISES LTD. (hereinafter, "RCCL"), MC TOURS, GRUPO PALMAS, S.A. (hereinafter "Grupo Palmas"), CARIBE SKY CANOPY TOUR (hereinafter "Caribe Sky") (hereinafter collectively referred to as, "Defendants"), and alleges:

## THE PARTIES AND JURISDICTION

1.      This is an action seeking damages in excess of $75,000.00, exclusive of interest, costs and attorney's fees.

2.      This Court has diversity subject matter jurisdiction pursuant to 28 U.S.C. § 1332 as this is a civil action in which the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States and/or citizens of a State and citizens or subjects of a foreign state.

3.      This Court also has Admiralty subject matter jurisdiction pursuant to 28 U.S.C. § 1333

as this case involves a maritime tort. The type of incident and injuries suffered by Plaintiff had the potential to impact maritime commerce as shore side excursions are a part of the cruise experience and sold by cruise lines aboard their cruise ships. This action is being filed in this Court pursuant to the terms and conditions in the Passenger Contract Ticket issued by Defendant RCCL.

4.   Plaintiff, is sui juris, and is a resident of Texas. Plaintiff was a passenger onboard the cruise ship *Navigator of the Seas*.

5.   RCCL is a Liberian company with its principal place of business and base of operations located in Miami, Florida.

6.   At all times material hereto, RCCL owned and operated the cruise ship *Navigator of the Seas*.

7.   This Court has personal jurisdiction over RCCL because**:**

a.   RCCL's principal place of business is located within Miami-Dade County, Florida;

b.   RCCL conducts substantial business within the State of Florida, including but not limited to operating cruises from Miami, Tampa, Cape Canaveral, Ft. Lauderdale, and Jacksonville, markets cruise vacations to Floridians, contracts with several Florida companies to provision its cruises ship while in Florida ports, and employs several thousand Floridians to work at its Miami headquarters; and/or

c.   At all times material thereto, RCCL owned, operated, managed, maintained and/or controlled the vessel, the *Navigator of the Seas*.

8.   MC Tours is a Honduran corporation with its principal place of business located

* BRAIS BRAIS RUSAK *
9300 S. DADELAND BLVD., SUITE 101, MIAMI, FLORIDA  33156 * TEL (305) 416-2901 * FAX (305) 416-2902

in Honduras. At all times material thereto, MC Tours organized, owned and/or operated the subject zip line excursion known as Caribe Sky Canopy Tour (hereinafter "Caribe Zip Line"), which was offered, arranged for, sponsored, recommended, marketed, sold, co-operated and/or managed by RCCL.

9.     This Court has personal jurisdiction over MC Tours because:

a.     MC Tours operates, conducts and/or engages in substantial business or business venture(s) within the State of Florida pursuant to Florida Statute § 48.193(1)(a) and its contacts with Florida are a large part of what enables it to sell its tour packages to cruise ship passengers. These contacts include conducting an ongoing business relationship with RCCL and other Florida based cruise lines such as NCL (Bahamas) Ltd., and Carnival Corp. for marketing and selling of tour excursions packages, including the subject zip line excursion;

b.     Maintaining a bank account in Florida; receiving payment for its excursions in Florida; procuring insurance for the excursion in Florida; traveling to Florida for the purpose of soliciting business; attending business meetings in Florida associated with the provision of excursions;

c.     MC Tours' substantial business in the State of Florida is conducted through agents/joint venturers, and partners, such as RCCL;

d.     MC Tours entered into a Standard Shore Excursion Independent Contractor Agreement with RCCL and other Florida based cruise lines such as, NCL (Bahamas) Ltd. and Carnival Corp. to provide tours to their passengers. Pursuant to those agreements, RCCL markets and sells the excursions to its passengers;

e.     MC Tours acts as an agent for, partner of and/or was engaged in a joint venture with,

RCCL as to the excursions provided by RCCL;

f.      MC Tours has agreed to indemnify RCCL for the claims made in this Complaint

within the meaning of Florida Statute 48.193(d);

g.      At all times material thereto, MC Tours entered into a contract with RCCL for the

protection of RCCL's passengers, wherein MC Tours agreed to subject itself to the

laws and jurisdiction of the State of Florida, consented to personal jurisdiction,

and/or consented to venue of the United States District Court for the Southern

District of Florida;

h.      Within its contract with the various Florida-based cruise lines including RCCL, MC

Tours has agreed to forum selection clauses wherein disputes between it and the

cruise lines are resolved in Florida courts;

i.      Within the cruise ticket contract, MC Tours receives the benefit of various

provisions including notice of claims and forum selection clauses;

j.      MC Tours maintains a mailing address in Miami, Florida at MC Tours –

Honduras, IMC SAP, Dept. 147, PO Box 52-.3900, Miami, Florida;

k.      MC Tours directs its customers to send payment for its excursions at its Miami

mailing address as listed on the Terms and Conditions Page of its website:

http://mctours-

honduras.com/index.php?option=com_content&view=article&id=433&Itemid

=524&lang=en;

l.      MC Tours advertises, markets, and/or sells the subject zip line excursion tickets

through RCCL's website, which is administered in Florida and/or the United

States.

* BRAIS BRAIS RUSAK *
9300 S. DADELAND BLVD., SUITE 101, MIAMI, FLORIDA  33156 * TEL (305) 416-2901 * FAX (305) 416-2902

10.  Alternatively, this Court has personal jurisdiction over MC Tours under Fed.R.Civ.P.  4(k)(2) because:

    a.       All claims alleged in this civil action are governed under the Federal General Maritime Law; and,

    b.       MC Tours has purposefully availed itself of the privilege of conducting activities within the United States as a whole by:

        i.       Targeting United States tourists in their promotional efforts and by advertisement within the United States including through its official website http://mctours-honduras.com/index.php?option=com_content&view=frontpage&Itemid=371&lang=en Facebook page https://www.facebook.com/MCTours.Honduras Twitter page  https://twitter.com/HondurasTravel Linked In page  https://www.linkedin.com/company/mc-tours---honduras through which text is printed in English and tourists can book excursion packages;

        ii.       Advertising and promoting its excursion packages through business relationships with RCCL, NCL (Bahamas), Ltd and/or Carnival Corp; and/or

        iii.       Selling shore excursion tickets through RCCL's website, which is administered in Florida and/or the United States.

11.  Grupo Palmas is a Honduran corporation with its principal place of business located in  Honduras. At all times material thereto, Grupo Palmas  owned and/or operated the

Caribe Zip Line excursion, which was offered, arranged for, sponsored, recommended, marketed, sold, co-operated and/or managed by RCCL.

12.     This Court has personal jurisdiction over Grupo Palmas because:

a.      Grupo Palmas operates, conducts and/or engages in substantial business or business venture(s) within the State of Florida pursuant to Florida Statute § 48.193(1)(a) and its contacts with Florida are a large part of what enables it to sell its tour packages to cruise ship passengers. These contacts include conducting an ongoing business relationship with RCCL and other Florida based cruise lines such as NCL (Bahamas) Ltd., and Carnival Corp. for marketing and selling of tour excursions packages, including the subject zip line excursion;

b.      Maintaining a bank account in Florida; receiving payment for its excursions in Florida; procuring insurance for the excursion in Florida; traveling to Florida for the purpose of soliciting business; attending business meetings in Florida associated with the provision of excursions;

c.      Grupo Palmas' substantial business in the State of Florida is conducted through agents/joint venturers, partners, such as RCCL.

d.      Grupo Palmas acts as an agent for, partner of and/or was engaged in a joint venture with RCCL, MC Tours and/or Caribe Sky as to the excursions provided by RCCL;

e.      Grupo Palmas has agreed to indemnify MC Tours and RCCL for the claims made in this Complaint within the meaning of Florida Statute 48.193(d);

f.      At all times material thereto, Grupo Palmas entered into a contract with MC Tours and/or RCCL for the protection of RCCL's passengers, wherein Grupo Palmas agreed to subject itself to the laws and jurisdiction of the State of Florida,

* BRAIS BRAIS RUSAK *

9300 S. DADELAND BLVD., SUITE 101, MIAMI, FLORIDA  33156 * TEL (305) 416-2901 * FAX (305) 416-2902

consented to personal jurisdiction, and/or consented to venue of the United States District Court for the Southern District of Florida;

g. Within its contract with the various Florida-based cruise lines including RCCL, Grupo Palmas has agreed to forum selection clauses wherein disputes between it and the cruise lines are resolved in Florida courts;

h. Grupo Palmas advertises, markets, and/or sells its zip line excursion tickets through RCCL's website, which is administered in Florida and/or the United States.

13. Alternatively, this Court has personal jurisdiction over Grupo Palmas under Fed.R.Civ.P. 4(k)(2) as:

a. All claims alleged in this civil action are governed under the Federal General Maritime Law; and,

b. Grupo Palmas has purposefully availed itself of the privilege of conducting activities within the United States as a whole by:

 i. Targeting United States tourists in their promotional efforts and by advertisement within the United States;

 ii. Advertising and promoting its excursion packages through business relationships with RCCL, NCL (Bahamas), Ltd and/or Carnival Corp; and/or

 iii. Selling shore excursion tickets through RCCL's website, which is administered in Florida and/or the United States.

14. Caribe Sky is a Honduran corporation with its principal place of business located in Honduras. At all times material thereto, Caribe Sky owned and/or operated the Caribe Zip Line

excursion, which was offered, arranged for, sponsored, recommended, marketed, sold, co-operated and/or managed by RCCL.

15.     This Court has personal jurisdiction over Caribe Sky because:

a.      Caribe Sky operates, conducts and/or engages in substantial business or business venture(s) within the State of Florida pursuant to Florida Statute § 48.193(1)(a) and its contacts with Florida are a large part of what enables it to sell its tour packages to cruise ship passengers. These contacts include conducting an ongoing business relationship with RCCL and other Florida based cruise lines such as NCL (Bahamas) Ltd., and Carnival Corp. for marketing and selling of tour excursions packages, including the subject zip line excursion;

b.      Maintaining a bank account in Florida; receiving payment for its excursions in Florida; procuring insurance for the excursion in Florida; traveling to Florida for the purpose of soliciting business; attending business meetings in Florida associated with the provision of excursions;

c.      Caribe Sky's substantial business in the State of Florida is conducted through agents/joint venturers, partners, such as RCCL.

d.      Caribe Sky entered into a Standard Shore Excursion Independent Contractor Agreement with RCCL and other Florida based cruise lines such as, NCL (Bahamas) Ltd. and Carnival Corp. to provide tours to their passengers. Pursuant to those agreements, RCCL markets and sells the excursions to its passengers;

e.      Caribe Sky acts as an agent for, partner of and/or was engaged in a joint venture with RCCL and MC Tours as to the excursions provided by RCCL;

f.      Caribe Sky has agreed to indemnify MC Tours and RCCL for the claims made in this

* BRAIS BRAIS RUSAK *
9300 S. DADELAND BLVD., SUITE 101, MIAMI, FLORIDA  33156 * TEL (305) 416-2901 * FAX (305) 416-2902

Complaint within the meaning of Florida Statute 48.193(d);

g.  At all times material thereto, Caribe Sky entered into a contract with MC Tours and/or RCCL for  the protection of RCCL's passengers, wherein Caribe Sky agreed to subject itself to the laws and jurisdiction of the State of Florida, consented to personal jurisdiction, and/or consented to venue of the United States District Court for the Southern District of Florida;

h.  Within its contract with the various Florida-based cruise lines including RCCL, Caribe Sky has agreed to forum selection clauses wherein disputes between it and the cruise lines are resolved in Florida courts;

i.  Caribe Sky maintains a telephone number Miami, Florida; 305-771-9780;

j.  Caribe Sky advertises, markets, and/or sells zip line excursion tickets through RCCL's website, which is administered in Florida and/or the United States.

16.  Alternatively, this Court has personal jurisdiction over Caribe Sky under Fed.R.Civ.P. 4(k)(2) as:

a.  All claims alleged in this civil action are governed under the Federal General Maritime Law; and,

b.  Caribe Sky has purposefully availed itself of the privilege of conducting activities within the United States as a whole by:

i.  Targeting United States tourists in their promotional efforts and by advertisement within the United States including through its official website:  https://www.skycanopy-roatan.com                and http://ziplinetourroatan.com/adventures/caribesky-ziplinetour/

Facebook                                                                                page

https://www.facebook.com/caribeskycanopyroatan/about/?entry_point=page_nav_about_item&tab=page_info

Twitter page  https://twitter.com/CaribeSkyCanopy

Linked     In     page https://www.linkedin.com/company/caribe-sky-canopy-tour-%E2%80%94-roatan-zipline through which text is printed in English and tourists can book excursion packages;

ii.      Advertising and promoting its excursion packages through business relationships with RCCL, NCL (Bahamas), Ltd and/or Carnival Corp; and/or

iii.     Selling shore excursion tickets through RCCL's website, which is administered in Florida and/or the United States.

## **GENERAL ALLEGATIONS**

17.   RCCL entered into an agreement with MC Tours and/or Grupo Palmas and/or Caribe Sky in which it agreed to market and sell the Caribe Zip Line to its passengers and MC Tours and/or Grupo Palmas and/or Caribe Sky agreed to operate the excursion.

18.   RCCL markets the Caribe Zip Line through its website, print material, onboard announcements and onboard television programming.

19.     Cruise passengers cannot purchase shore excursions including the Caribe Zip Line until they have a reservation number from RCCL and are confirmed for their trip.  While onboard the ship, cruise passengers have three ways to book excursions: 1) visit the shore excursion desk, 2) fill out the order form in the guest's stateroom, and 3) use the interactive TV system available on most ships.

20.  As the top reasons to book RCCL's shore excursions, RCCL states its guests are

* BRAIS BRAIS RUSAK *
9300 S. DADELAND BLVD., SUITE 101, MIAMI, FLORIDA  33156 * TEL (305) 416-2901 * FAX (305) 416-2902

guaranteed  priority departure in port, are provided flexible cancellation policies, are guaranteed return to ship  and the excursions are planned by "**insured *partners* who adhere to the highest safety standards in the industry."**

21.   Plaintiff and her daughter booked a cruise aboard the *Navigator of the Seas* with RCCL.

22.   After completing the booking of the cruise on the RCCL website, RCCL bombarded Plaintiff with different shore excursions to purchase.  One of those excursions was the Caribe Zip Line.

23.   The RCCL website advertised the Caribe Zip Line as having a maximum weight limit of 320 pounds. Based upon such advertisement and information provided on the RCCL website, Plaintiff chose the Caribe Zip Line and purchased it through the RCCL website.

24.   The fee for the excursion was charged to the Plaintiff, and collected from the Plaintiff exclusively by RCCL.

25.   Based upon the advertising and the fact that she was purchasing it on the RCCL website, Plaintiff believed that the excursion was operated by RCCL.  Moreover, Plaintiff trusted  that being a RCCL excursion, it would adhere to the highest safety standards in the industry.

26.   To all outward appearances, RCCL was the operator of the excursion and, any representations contained in any of the fine print of its literature never expressly advised Plaintiff that it was not operating the excursion or advised Plaintiff of the identity of the excursion operator to allow Plaintiff to inquire about the operator's safety measures and standards.

27.     Plaintiff would not have participated in the subject zip line excursion had she known the excursion was not operated by RCCL.

28.   On September 3, 2015, the *Navigator of the Seas* called on Roatan, Honduras.

* BRAIS BRAIS RUSAK *
9300 S. DADELAND BLVD., SUITE 101, MIAMI, FLORIDA  33156 * TEL (305) 416-2901 * FAX (305) 416-2902

29.   At the Caribe Zip Line location, Plaintiff listened attentively to the safety briefing and  followed all directions carefully. As she was zip lining to the other platform Plaintiff crossed her legs and lifted them as high as she could in accordance with the safety briefing.  However, because there was too much slack in the line, when she reached the landing platform she violently struck her  legs onto the front of the unpadded platform suffering severe injuries.

30.   The impact with the platform ripped the skin off Plaintiff's lower legs leaving bone,  tendons and muscles exposed. Once Plaintiff was helped onto the platform, she had to reach down  and pull the hanging flap of skin onto her legs to cover the exposed wound.



31.   After waiting approximately thirty (30) minutes, Plaintiff was rushed via ambulance to the  nearest emergency facility, Wood Medical Center where she underwent an operation primarily to  clean and close the wound.

32.   A day later, Plaintiff was evacuated via air ambulance to Memorial Hermann Trauma  Institute where she underwent ten (10) operations consisting of incision, debridement and drainage  procedures with wound vac exchanges and eventually skin grafts from skin taken from her left  thigh.

33.   As of the date of this Complaint, Plaintiff continues to have swelling, pain and

* BRAIS BRAIS RUSAK *
9300 S. DADELAND BLVD., SUITE 101, MIAMI, FLORIDA  33156 * TEL (305) 416-2901 * FAX (305) 416-2902

decreased  mobility because of this injury.  Additionally, Plaintiff has disfiguring scars.



34.   RCCL manifested an apparent agency relationship with MC Tours, Grupo Palmas, and Caribe Sky by marketing the excursion on its website using the RCCL logo; selling the excursion from its website and a desk aboard the ship; and recommending RCCL's excursions over others not sold through RCCL.

35.   RCCL never identified MC Tours, Grupo Palmas or Caribe Sky as the owner and operator of the excursion.

36.   RCCL obtains payment for the excursions  online and onboard the cruise through the guests' SeaPass account.

37.   At all times material hereto, RCCL participated in the income and losses generated by the  operation of the Caribe Zip Line.

38.   RCCL exercises control over the Caribe Zip Line in its requirements for its operation,

* BRAIS BRAIS RUSAK *
9300 S. DADELAND BLVD., SUITE 101, MIAMI, FLORIDA  33156 * TEL (305) 416-2901 * FAX (305) 416-2902

insurance and safety.

39.  RCCL has control over the arrangement, marketing and sales of the Caribe Zip Line.

40.  MC Tours is an agent of RCCL, partners with RCCL and/or is a joint venturer with RCCL.  Any representations of RCCL to the contrary do not control the legal status of the parties. Further,  even if the excursion operator were an independent contractor, RCCL is not relieved of its duty to  verify that its representations made in its literature and elsewhere about its excursion operators are   true, that is, that the "insured partners adhere to the highest safety standards in the industry."

41.  Grupo Palmas is an agent of RCCL, partners with RCCL and/or is a joint venturer with RCCL.  Any representations of RCCL to the contrary do not control the legal status of the parties. Further, even if the excursion operator were an independent contractor, RCCL is not relieved of its duty to verify that its representations made in its literature and elsewhere about its excursions operators are true, that is, that the "insured partners adhere to the highest safety standards in the industry."

42.  Caribe Sky is an agent of RCCL, partners with RCCL and/or is a joint venturer with RCCL.  Any representations of RCCL to the contrary do not control the legal status of the parties. Further, even if the excursion operator were an independent contractor, RCCL is not relieved of its duty to verify that its representations made in its literature and elsewhere about its excursions operators are true, that is, that the "insured partners adhere to the highest safety standards in the industry."

43.  All conditions precedent for filing and maintaining this action have been fulfilled, performed  or waived.

* BRAIS BRAIS RUSAK *
9300 S. DADELAND BLVD., SUITE 101, MIAMI, FLORIDA  33156 * TEL (305) 416-2901 * FAX (305) 416-2902

Case no.: 16-CV-23775-FAM

## COUNT I
## (NEGLIGENCE AGAINST RCCL)

Plaintiff re-alleges all allegations pled in paragraphs 1 through 43 above as if alleged fully herein.

44.   RCCL and/or its agents, servants, joint venturers and/or employees owed Plaintiff a duty to warn of dangers of which the carrier knew or reasonably should have known. This duty extends beyond the port to places where the passenger is invited to or may reasonably be expected to visit. RCCL advertised, marketed and sold the Caribe Zip Line excursion to Plaintiff and thus should have expected Plaintiff to visit it and participate in it.

45.   The dangerous conditions of the zip line include:

a.   The lack of padding on the landing platform;

b.   That it is not equipped with an emergency arrest device;

c.   That it could not sustain the advertised weights;

d.   That it was not equipped with a breaking device;

e.   That it was not equipped with an automated braking system;

f.   That routinely too many people are sent on the zip line at the same time causing the cable to be weighed down and thus causing the person landing to be lower than the landing platform;

g.   That there is no communication from platform to platform; and

h.   That the zip line used two lines instead of three lines.

46.   The dangerous conditions of the zip line were not open and obvious to Plaintiff;

47.   The Defendant, RCCL:

a.   Had actual knowledge of the dangerous conditions aboard the subject zip line excursion:

i.      Upon information and belief, RCCL visited and participated in the excursion as part of its approval process for selecting the subject excursion to be offered to its passengers and thus knew or should have known of the dangerous and/or defective conditions set forth in paragraph 41(a)-(h); and/or

ii.     Upon information and belief, in or about January, 2014, RCCL received complaints of an incident wherein 15 people were stuck on the zip line because there being no communication from platform to platform the guides kept sending people on the line and they kept crashing onto the group that were stuck. During that instance, the cable is alleged to have been dragging into a tree line causing a woman to be injured when she struck a palm.

iii.    Received guest feedback of the tour in comment forms from previous passengers about the dangerous conditions aboard the subject zip line; and/or

iv.     Received complaints from previous passengers about the dangerous conditions aboard the subject zip line; and/or,

v.      Was told by its passenger(s) that they suffered injuries during the zip line as a result of the operator's negligent operation of same; and/or,

vi.     Reviewed complaints of prior passengers that posted on the internet discussing the unreasonably hazardous conditions on the subject zip line. https://www.tripadvisor.com/ShowUserReviews-g292019-d2182223-r297667609-Caribe_Sky_Canopy_Tour-Roatan_Bay_Islands.html#CHECK_RATES_CONT.

* BRAIS BRAIS RUSAK *
9300 S. DADELAND BLVD., SUITE 101, MIAMI, FLORIDA  33156 * TEL (305) 416-2901 * FAX (305) 416-2902

b.    Had constructive knowledge of the unreasonably dangerous condition as it:

  i.    Existed for a sufficient length of time so that RCCL should have known of it by the exercise of ordinary care when visiting the site to ensure it is safe for its passengers; and/or,

  ii.    Is mentioned in online travel forums including cruise travel forums found on the internet    https://www.tripadvisor.com/ShowUserReviews-g292019- d2182223-r190405365-Caribe_Sky_Canopy_Tour-Roatan_Bay_Islands.html#REVIEWS

48.    RCCL breached its duty to warn Plaintiff and was negligent by:

a.    Failing to provide adequate warnings of the dangerous conditions for the Caribe Zip Line;

b.    Failing to warn the Plaintiff and other cruise ship passengers that RCCL does not inspect and/or maintain the subject zip line excursion;

c.    Failing to advise the Plaintiff and other cruise ship passengers that RCCL does not verify that zip lines and platforms used for the subject zip line excursion are reasonably safe and/or inspected;

d.    Failing to warn passengers that the Caribe Zip Line does not have padding on its platforms and is not equipped with a brake;

e.    Failing to warn passengers that the Caribe Zip Line does not have communication from platform to platform;

49.    As a direct and proximate result of the breach of the duty alleged above, Plaintiff suffered bodily injury, pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, surgery, medical and nursing care and

* BRAIS BRAIS RUSAK *
9300 S. DADELAND BLVD., SUITE 101, MIAMI, FLORIDA 33156 * TEL (305) 416-2901 * FAX (305) 416-2902

treatment and  loss of earnings and loss of the ability to earn money. These losses are either permanent or continuing.

**WHEREFORE**, the Plaintiff demands judgment against RCCL for damages suffered as a result of the alleged accident and injury including pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, hospitalization, medical and nursing care and treatment and lost earnings experienced in the past and to be experienced in the future together with all taxable court costs and prejudgment interest.

**COUNT II**
**(NEGLIGENT SELECTION AND RETENTION OF TOUR OPERATOR AGAINST RCCL)**

Plaintiff re-alleges all allegations pled in paragraphs 1 through 43 above as if alleged fully herein.

50.   RCCL had the duty to exercise reasonable care to employ a competent and careful tour operator to perform the excursion;

51.   RCCL breached its duty by:

a.      Failing to reasonably inquire into the credentials and qualifications of MC Tours and/or Grupo Palmas, and/or Caribe Sky;

b.      Failing to periodically request MC Tours and/or Grupo Palmas and/or Caribe Sky to provide to RCCL safety inspection reports  of the zip line;

c.      Selecting a tour operator that failed to equip its platforms with padding;

d.      Failing to institute safety inspection procedures to make sure that the dangerous conditions on the zip line were discovered and made safe;

e.      Selecting a tour operator that failed to equip its lines with brakes;

* BRAIS BRAIS RUSAK *
9300 S. DADELAND BLVD., SUITE 101, MIAMI, FLORIDA  33156 * TEL (305) 416-2901 * FAX (305) 416-2902

      f.      Selecting a tour operator that failed to operate the zip line excursion in a reasonably safe manner; and/or

      g.      Selecting a tour operator who was inattentive of Passengers' (including Plaintiff's) safety.

52. RCCL knew or reasonably should have known that the tour operator, MC Tours and/or Grupo Palmas and/or Caribe Sky was incompetent or unfit to conduct the subject excursion as:

      a.      The zip line's landing platform was not equipped with padding;

      b.      The zip line was not equipped with brakes;

      c.      The zip line was not equipped with an emergency arrest device;

      d.      The zip line could not sustain the advertised weights;

      e.      The zip line was not equipped with an automated braking system;

      f.      Other passengers were injured on the subject zip line;

      g.      RCCL received complaints from previous passengers about incompetent and/or unfit operation of the subject zip line;

      h.      RCCL was told by its passenger(s) that they suffered injuries during the subject zip line as a result of the operator's negligent operation of said zip line;

      i.      RCCL reviewed complaints of prior passengers that posted on the internet discussing the unreasonably hazardous conditions on the subject zip line, including but not limited to the tour operator's incompetent and/or unfit operation of the zip line;

      j.      The tour operator's, incompetence and/or unfitness existed for a sufficient length of time so that RCCL should have known of it by the exercise of ordinary care

* BRAIS BRAIS RUSAK *
9300 S. DADELAND BLVD., SUITE 101, MIAMI, FLORIDA  33156 * TEL (305) 416-2901 * FAX (305) 416-2902

when visiting the site to ensure it is safe for its passengers; and/or;

k.       The tour operator's incompetence and/or unfitness is mentioned in online  travel forums including cruise travel forums found on the internet https://www.tripadvisor.com/ShowUserReviews-g292019-d2182223-r190405365-Caribe_Sky_Canopy_Tour-Roatan_Bay_Islands.html#REVIEWS.

53.   As a direct and proximate result of the breach of the duty alleged above, Plaintiff suffered  bodily injury, pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, surgery, medical and nursing care and treatment and  loss of earnings and loss of the ability to earn money. These losses are either permanent  or continuing.

**WHEREFORE**, the Plaintiff demands judgment against RCCL for damages suffered as a result of the alleged accident and injury including pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, hospitalization, medical and nursing care and treatment and lost earnings experienced in the past and to be experienced in the future together with all taxable court costs and prejudgment interest.

**COUNT III**
**(NEGLIGENCE AGAINST MC TOURS)**

Plaintiff re-alleges all allegations pled in paragraphs 1 through 43 above as if alleged fully  herein.

54.   At all times material thereto, MC Tours owned and/or operated the subject zip line excursion.

55.   It was MC Tours' duty to provide Plaintiff with reasonable care under the circumstances.

* BRAIS BRAIS RUSAK *
9300 S. DADELAND BLVD., SUITE 101, MIAMI, FLORIDA  33156 * TEL (305) 416-2901 * FAX (305) 416-2902

56.   MC Tours and/or its agents, servants, joint venturers and/or employees breached their duty  to provide Plaintiff with reasonable care under the circumstances by:

a.      Failing to exercise reasonable care under the circumstances;

b.      Failing to provide a safe excursion;

c.      Failing to equip the zip line platforms with padding so as to protect participants from  injuring themselves in the likely event that they would crash against the platforms;

d.      Sending too many people on the zip line at the same time causing the line to drag thereby making Plaintiff strike the lower part of her legs onto the landing platform because the line was over the weight capacity;

e.      Failing to properly supervise and oversee the excursion marketed, advertised, offered  and sold to its participants;

f.      Failing to adequately warn Plaintiff of the dangers of participating the subject zip line  excursion;

g.      Failing to advise the Plaintiff and other cruise passengers that RCCL does not inspect  and/or maintain the transportation used for the subject zip line excursion;

h.      Failing to ensure that properly trained and supervised persons operated the subject zip  line excursion; and

i.      Having a zip line excursion that was not competently operated.

57.   Defendant, MC Tours, knew of the foregoing conditions causing the subject accident and  did not correct them, or the condition existed for a sufficient length of time so that the excursion   providers, in the exercise of reasonable care under the circumstances, should have learned of them  and corrected them.

* BRAIS BRAIS RUSAK *
9300 S. DADELAND BLVD., SUITE 101, MIAMI, FLORIDA  33156 * TEL (305) 416-2901 * FAX (305) 416-2902

58.    As a direct and proximate result of the breach of the duty alleged above, Plaintiff suffered  bodily injury and possibly aggravation of pre-existing conditions, pain and suffering, disability,  disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of  hospitalization, surgery medical and nursing care and treatment and loss of earnings.  These losses  are either permanent or continuing.

59.    Under the legal theory of direct or apparent agency, RCCL is liable for the negligence of MC Tours set forth in paragraphs 51-54.

60.    Under the legal theory of joint venture, RCCL, MC Tours, Grupo Palmas, and Caribe Sky are jointly and severally responsible for one another's negligence.

**WHEREFORE**, the Plaintiff demands judgment against MC Tours for damages suffered as a result of the alleged accident and injury including pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, hospitalization, medical and nursing care and treatment and lost earnings experienced in the past and to be experienced in the future together with all taxable court costs and prejudgment interest.

### COUNT IV
### <u>(NEGLIGENCE AGAINST GRUPO PALMAS)</u>

Plaintiff re-alleges all allegations pled in paragraphs 1 through 43  above as if alleged fully  herein.

61.    At all  times  material thereto,  Grupo Palmas owned  and/or  operated  the  subject zip line  excursion.

62.    Grupo Palmas had a duty to provide Plaintiff with reasonable care under the circumstances.

63.    Grupo Palmas and/or its agents, servants, joint venturers and/or employees breached

* BRAIS BRAIS RUSAK *
9300 S. DADELAND BLVD., SUITE 101, MIAMI, FLORIDA  33156 * TEL (305) 416-2901 * FAX (305) 416-2902

their duty  to provide Plaintiff with reasonable care under the circumstances by:

      a.      Failing to exercise reasonable care under the circumstances;

      b.      Failing to provide a safe excursion;

      c.      Failing to equip the zip line platforms with padding so as to protect participants from  injuring themselves in the likely event that they would crash against the platforms;

      d.      Sending too many people on the zip line at the same time causing the line to drag thereby making Plaintiff strike the lower part of her legs onto the landing platform because the line was over the weight capacity;

      e.      Failing to properly supervise and oversee the excursion marketed, advertised, offered  and sold to its participants;

      f.      Failing to adequately warn Plaintiff of the dangers of participating the subject zip line  excursion;

      g.      Failing to advise the Plaintiff and other cruise passengers that RCCL does not inspect  and/or maintain the transportation used for the subject zip line excursion;

      h.      Failing to ensure that properly trained and supervised persons operated the subject zip  line excursion;

      i.      Having a zip line excursion that was not competently operated.

64.   Defendant, Grupo Palmas, knew of the foregoing conditions causing the subject accident and  did not correct them, or the condition existed for a sufficient length of time so that the excursion  providers, in the exercise of reasonable care under the circumstances, should have learned of them  and corrected them.

65.   As a direct and proximate result of the breach of the duty alleged above, Plaintiff

* BRAIS BRAIS RUSAK *
9300 S. DADELAND BLVD., SUITE 101, MIAMI, FLORIDA  33156 * TEL (305) 416-2901 * FAX (305) 416-2902

suffered bodily injury and possibly aggravation of pre-existing conditions, pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, surgery medical and nursing care and treatment and loss of earnings. These losses are either permanent or continuing.

66.    Under the legal theory of direct or apparent agency, RCCL is liable for the negligence of Grupo Palmas set forth in paragraphs 62-65.

67.    Under the legal theory of joint venture, RCCL, MC Tours, Grupo Palmas, and Caribe Sky are jointly and severally responsible for one another's negligence.

**WHEREFORE**, the Plaintiff demands judgment against Grupo Palmas for damages suffered as a result of the alleged accident and injury including pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, hospitalization, medical and nursing care and treatment and lost earnings experienced in the past and to be experienced in the future together with all taxable court costs and prejudgment interest.

## COUNT IV
## (NEGLIGENCE AGAINST CARIBE SKY)

Plaintiff re-alleges all allegations pled in paragraphs 1 through 43 above as if alleged fully herein.

68.    At all times material thereto, Caribe Sky owned and/or operated the subject zip line excursion.

69.    Caribe Sky had a duty to provide Plaintiff with reasonable care under the circumstances.

70.    Caribe Sky and/or its agents, servants, joint venturers and/or employees breached their duty to provide Plaintiff with reasonable care under the circumstances by:

* BRAIS BRAIS RUSAK *
9300 S. DADELAND BLVD., SUITE 101, MIAMI, FLORIDA 33156 * TEL (305) 416-2901 * FAX (305) 416-2902

    a.      Failing to exercise reasonable care under the circumstances;

    b.      Failing to provide a safe excursion;

    c.      Failing to equip the zip line platforms with padding so as to protect participants from  injuring themselves in the likely event that they would crash against the platforms;

    d.      Sending too many people on the zip line at the same time causing the line to drag thereby making Plaintiff strike the lower part of her legs onto the landing platform because the line was over the weight capacity;

    e.      Failing to properly supervise and oversee the excursion marketed, advertised, offered  and sold to its participants;

    f.      Failing to adequately warn Plaintiff of the dangers of participating the subject zip line  excursion;

    g.      Failing to advise the Plaintiff and other cruise passengers that RCCL does not inspect  and/or maintain the transportation used for the subject zip line excursion;

    h.      Failing to ensure that properly trained and supervised persons operated the subject zip  line excursion;

    i.      Having a zip line excursion that was not competently operated.

71.   Defendant, Caribe Sky, knew of the foregoing conditions causing the subject accident and  did not correct them, or the condition existed for a sufficient length of time so that the excursion  providers, in the exercise of reasonable care under the circumstances, should have learned of them  and corrected them.

72.   As a direct and proximate result of the breach of the duty alleged above, Plaintiff suffered  bodily injury and possibly aggravation of pre-existing conditions, pain and suffering,

* BRAIS BRAIS RUSAK *

9300 S. DADELAND BLVD., SUITE 101, MIAMI, FLORIDA  33156 * TEL (305) 416-2901 * FAX (305) 416-2902

disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, surgery medical and nursing care and treatment and loss of earnings. These losses are either permanent or continuing.

73.    Under the legal theory of direct or apparent agency, RCCL is liable for the negligence of Caribe Shy set forth in paragraphs 69-72.

74.    Under the legal theory of joint venture, RCCL, MC Tours, Grupo Palmas, and Caribe Sky are jointly and severally responsible for one another's negligence.

**WHEREFORE**, the Plaintiff demands judgment against Caribe Sky for damages suffered as a result of the alleged accident and injury including pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, hospitalization, medical and nursing care and treatment and lost earnings experienced in the past and to be experienced in the future together with all taxable court costs and prejudgment interest.

**COUNT V**
**(APPARENT AGENCY OR AGENCY BY ESTOPPEL CLAIM AGAINST RCCL)**

Plaintiff re-alleges all allegations pled in paragraphs 1 through 43 above as if alleged fully herein.

75.    At all times material thereto, RCCL made manifestations that caused Plaintiff to believe that MC Tours and/or Grupo Palmas and/or Caribe Sky had authority to act for the benefit of RCCL. These manifestations included:

a.    RCCL advertised a series of internet, brochure, and other media about the availability of the Caribe Zip Line excursion;

b.    RCCL allowed its name to be utilized in connection with the advertising of MC Tours, Grupo Palmas, and Caribe Sky;

* BRAIS BRAIS RUSAK *
9300 S. DADELAND BLVD., SUITE 101, MIAMI, FLORIDA  33156 * TEL (305) 416-2901 * FAX (305) 416-2902

c. RCCL made all arrangements for the subject zip line excursion without effectively disclosing to Plaintiff that the subject zip line excursion was being run by another entity (and/or entities);

d. RCCL represented on its website and shore excursion brochure that excursions are planned by partners;

e. RCCL marketed the subject zip line excursion using its company logo on its website and/or in its brochures and/or its ship without effectively disclosing to Plaintiff that said excursion was being run by another entity (and/or entities);

f. RCCL maintained an excursion desk on its ship whereby it offered, sold, provided information to, and answered questions of passengers about the subject zip line excursion without effectively disclosing to Plaintiff that said excursion was being run by another entity (and/or entities);

g. Until the point that Plaintiff actually participated in the subject zip line excursion, the Plaintiff's exclusive contracts concerning the subject excursion was with RCCL;

h. RCCL recommended to Plaintiff to not engage in excursions, tours, activities that are not sold through RCCL as RCCL has no familiarity with other tours or their operations;

i. RCCL assured Plaintiff that its insured partners adhered to the highest safety standards in the industry;

j. The fee for the excursion was charged to the Plaintiff, and collected from the Plaintiff, exclusively by RCCL;

k. Plaintiff's receipts for the purchase of the subject zip line excursion were issued

exclusively by RCCL; and/or

l.       RCCL integrated excursions into the cruise vacation experience.

76.   Plaintiff reasonably relied on the above, to her detriment, so as to believe that MC Tours and/or Grupo Palmas and/or Caribe Sky's  personnel were the employee(s) and/or agent(s) of RCCL  in choosing the subject zip line  excursion.

77.   It was reasonable to believe that MC Tours' and/or Grupo Palmas and/or Caribe Sky's personnel were RCCL's employee(s) and/or  agent(s) because the Plaintiff booked, paid for and made all necessary arrangements for the subject  shore excursion with RCCL. RCCL's actions caused Plaintiff to believe that MC Tours and/or Grupo Palmas and/or Caribe Sky had authority to act on RCCL's behalf.  At no time did MC Tours and/or Grupo Palmas and/or Caribe Sky represent to the Plaintiff in particular  or the cruise ship's passengers in a meaningful way that MC Tours' and/or Grupo Palmas and/or Caribe Sky's personnel were not agents or   employees of RCCL.

78.   Plaintiff's reasonable reliance was detrimental because she would not have booked, paid  for and/or participated in the subject zip line excursion or incurred any injuries had the Plaintiff  known the subject excursion was not operated by RCCL.

79.   The foregoing acts of negligence of RCCL and/or MC Tours and/or Grupo Palmas and/or Caribe Sky were a direct and proximate  cause of the Plaintiff's injuries.

80.   As a result of Defendants' negligence, Plaintiff suffered bodily injury and possibly aggravation of pre-existing conditions, pain and suffering, disability, disfigurement, mental   anguish, loss of capacity for the enjoyment of life, expense of hospitalization, surgery medical and  nursing care and treatment and loss of earnings.  These losses are either permanent or continuing.

* BRAIS BRAIS RUSAK *
9300 S. DADELAND BLVD., SUITE 101, MIAMI, FLORIDA  33156 * TEL (305) 416-2901 * FAX (305) 416-2902

**WHEREFORE**, the Plaintiff demands judgment against MC Tours for damages suffered as a result of the alleged accident and injury including pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, hospitalization, medical and nursing care and treatment and lost earnings experienced in the past and to be experienced in the future together with all taxable court costs and prejudgment interest.

## COUNT VI
## (JOINT VENTURE BETWEEN RCCL, MC TOURS AND/OR GRUPO PALMAS AND/OR CARIBE SKY)

Plaintiff re-alleges all allegations pled in paragraphs 1 through 43 above as if alleged fully herein.

81.   At all times material thereto, RCCL and MC Tours and/or Grupo Palmas and/or Caribe Sky were engaged in a joint venture to provide excursions to passengers aboard RCCL's ship(s).

82.   At all times material thereto, RCCL and MC Tours and/or Grupo Palmas and/or Caribe Sky entered into an agreement where RCCL would sell the subject zip line excursion to its passengers and MC Tours and/or Grupo Palmas and/or Caribe Sky would operate said excursion.

83.   As part of the joint venture, RCCL arranged for, sponsored, recommended, marketed, operated, sold and/or collected money for the subject zip line excursion and the money was then shared between RCCL and MC Tours and/or Grupo Palmas and/or Caribe Sky. As its part of the joint venture, MC Tours and/or Grupo Palmas and/or Caribe Sky provided labor and/or operated the subject zip line excursion.

84.   RCCL, on behalf of the joint venture, charged a fee to passengers who utilized the excursion(s). The fee was split between RCCL, MC Tours, Grupo Palmas, and/or Caribe Sky.

* BRAIS BRAIS RUSAK *
9300 S. DADELAND BLVD., SUITE 101, MIAMI, FLORIDA  33156 * TEL (305) 416-2901 * FAX (305) 416-2902

85.   At all times material thereto, RCCL and MC Tours and/or Grupo Palmas and/or Caribe Sky had joint and/or shared control over  aspect of the joint venture.

86.   MC Tours and/or Grupo Palmas and/or Caribe Sky had control over the day-to-day working of the excursion(s).

87.   RCCL exercises control over the Caribe Zip Line by way of its requirements for its operation, insurance and safety.

88.   RCCL had  control over the arrangements, marketing, and sales of the excursion.

89.   At all times material thereto, RCCL and MC Tours and/or Grupo Palmas and/or Caribe Sky shared a common purpose: to operate  the subject zip line excursion for a profit.

90.   At all times  material thereto,  RCCL and  MC Tours and/or Grupo Palmas and/or Caribe Sky had  a propriety and/or ownership  interest in the subject zip line excursion. RCCL had an interest in arranging, sponsoring,  recommending, advertising, operating, and selling the subject excursion as well as collecting  money for such an excursion, and MC Tours and/or Grupo Palmas and/or Caribe Sky had a propriety interest in the time and labor expended  in operating the subject excursion.

91.   At all times  material thereto,  RCCL and  MC Tours and/or Grupo Palmas and/or Caribe Sky shared any losses sustained from the  joint venture.

92.   RCCL and  MC Tours and/or Grupo Palmas and/or Caribe Sky are jointly and severally responsible for each other's negligence.

93.   At all times  material thereto,  RCCL and  MC Tours and/or Grupo Palmas and/or Caribe Sky:

a.     Hand an intention to create a joint venture;

b.     Had a joint propriety interest in the subject manner of the venture;

c.     Had  mutual  control  and/or joint  control  over  the  subject  matter  of  the  venture

* BRAIS BRAIS RUSAK *
9300 S. DADELAND BLVD., SUITE 101, MIAMI, FLORIDA  33156 * TEL (305) 416-2901 * FAX (305) 416-2902

with  respect to the provision of excursions to passengers aboard the ship;

d.      Had a right to share in the profits of the joint venture; and

e.      Would share losses that may have been sustained.

94.   As joint venturers, RCCL and MC Tours and/or Grupo Palmas and/or Caribe Sky are liable for each other's negligence. As a result,   RCCL is liable for the negligent conduct of MC Tours and/or Grupo Palmas and/or Caribe Sky.

95.   As a result of the foregoing negligence, which was the direct and proximate cause of  Plaintiff's injuries, Plaintiff suffered bodily injury and possibly aggravation of pre-existing conditions, pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, surgery medical and nursing care and treatment and loss of earnings.  These losses are either permanent or continuing.

**WHEREFORE**, the Plaintiff demands judgment against RCCL for damages suffered as a result of the alleged accident and injury including pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, hospitalization, medical and nursing care and treatment and lost earnings experienced in the past and to be experienced in the future together with all taxable court costs and prejudgment interest.

## DEMAND FOR JURY TRIAL

The Plaintiff hereby demands trial by jury of all issues so triable of right.

* BRAIS BRAIS RUSAK *
9300 S. DADELAND BLVD., SUITE 101, MIAMI, FLORIDA  33156 * TEL (305) 416-2901 * FAX (305) 416-2902

**Submitted this 17th day of October, 2016.**

**BRAIS BRAIS RUSAK**
Counsel for Plaintiff
Dadeland Office Park
9300 S. Dadeland Blvd., Suite 101
Miami, Florida 33156
Telephone: (305) 416-2901
Facsimile: (305) 416-2902

By:*/s/ Keith S. Brais*
KEITH S. BRAIS
Florida Bar No.: 0863319
RICHARD D. RUSAK
Florida Bar No.: 0614181
JULIETH A. FRESCO
Florida Bar. No.: 96256