UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

CASE NO.: 16-CV-23775-FAM

ALYDA R. CHIMENE,

        Plaintiff,
v.

ROYAL CARIBBEAN CRUISES
LTD., MC TOURS, GRUPO
PALMAS, S.A., CARIBE SKY
CANOPY TOUR,

        Defendants.
_____/

**ROYAL CARIBBEAN CRUISES, LTD.'S ANSWER AND AFFIRMATIVE
DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT**

Defendant, Royal Caribbean Cruises, Ltd. ("RCL") pursuant to the applicable Federal Rules of Civil Procedure, hereby files its Answer and Affirmative Defenses to Plaintiff's Amended Complaint [D.E. 14], pursuant the Court Order dated March 23, 2016 [D.E. 29], and in support states as follows:

**ANSWER**

1. Admitted that the Plaintiff is seeking damages in this action. All other allegations denied.

2. Without knowledge. Therefore denied.

3. Admitted that the Court has admiralty jurisdiction. Admitted that the Passenger Ticket Contract, which terms Plaintiff accepted prior to the subject cruise, requires that the action against RCL be litigated in this Court. All other allegations are denied.

4. Admitted that Plaintiff was a passenger onboard the *Navigator of the Seas* at the time of the incident alleged in the Amended Complaint. RCL is without sufficient knowledge to admit or deny the remaining allegations in paragraph 4, therefore denied.

5. Admitted.

6. Admitted that RCL operated the *Navigator of the Seas* and was the owner *pro hac vice*. All other allegations denied.

7. Admitted that for the purposes of this litigation RCL submits itself to personal jurisdiction before the Court.

8. Certain allegations in this paragraph are not directed to RCL, therefore no response is required. RCL admits that it sold the subject shore excursion to Plaintiff and that it advertised the same. All other allegations directed to RCL are denied.

9. The allegations in this paragraph are not directed to RCL, therefore no response is required. To the extent a response is required, RCL denies this allegation including all subparts.

10. The allegations in this paragraph are not directed to RCL, therefore no response is required. To the extent a response is required, RCL denies this allegation including all subparts.

11. Certain allegations in this paragraph are not directed to RCL, therefore no response is required. RCL admits that it sold the subject shore excursion to Plaintiff and that it advertised the same. All other allegations directed to RCL are denied.

2

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131 · TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

12. The allegations in this paragraph are not directed to RCL, therefore no response is required. To the extent a response is required, RCL denies this allegation including all subparts.

13. The allegations in this paragraph are not directed to RCL, therefore no response is required. To the extent a response is required, RCL denies this allegation including all subparts.

14. Certain allegations in this paragraph are not directed to RCL, therefore no response is required. RCL admits that it sold the subject shore excursion to Plaintiff and that it advertised the same. All other allegations directed to RCL are denied.

15. The allegations in this paragraph are not directed to RCL, therefore no response is required. To the extent a response is required, RCL denies this allegation including all subparts.

16. The allegations in this paragraph are not directed to RCL, therefore no response is required. To the extent a response is required, RCL denies this allegation including all subparts.

## GENERAL ALLEGATIONS

17. Admitted that RCL and MC Tours entered into a Tour Operator Agreement in which RCL agreed to market and sell the subject excursion. All other allegations are denied.

18. Admitted.

19. Admitted that passengers can purchase shore excursions operated by independent contractors through the shore excursion desk, through an order form in

3

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131 · TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

their room, and through interactive TV. All other allegations in paragraph 19 are denied.

20. RCL admits that the language Plaintiff quotes at paragraphs 20 was included in RCL's website along with language specifying that all shore excursions are operated by independent contractors and that RCL "does not undertake to supervise or control such independent contractors or their employees."

21. Admitted that Plaintiff and her daughter were passengers aboard the *Navigator of the Seas*. All other allegations denied.

22. Denied as phrased.

23. Admitted that RCL's website listed the maximum weight that was provided by the independent contractor that operated the subject excursion and that said weight was 320 pounds. All other allegations denied.

24. Admitted that Plaintiff paid a fee to RCL as part of the purchase of the subject shore excursion and that RCL collected said fee. All other allegations denied.

25. Denied. Moreover, RCL made numerous representations to Plaintiff that the subjected excursion was owned, managed, operated and controlled by an independent contractor.

26. Denied.

27. Denied.

28. Admitted.

29. Denied.

4

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131 · TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

30. Denied.

31. Without knowledge. Therefore denied.

32. Without knowledge. Therefore denied.

33. Without knowledge. Therefore denied.

34. Denied.

35. RCL admits it did not identify Grupo Palmas or Caribe Sky as the owner and operator of the excursion. All other allegations are denied. RCL identified MC Tours as the owner and operator.

36. Admitted that as a courtesy to its guests, RCL obtains payments for shore excursions, operated by independent contractors, online and onboard the cruise through guests SeaPass account.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

## COUNT I (Negligence Against RCL)

RCL restates and incorporates by reference its responses to the allegations set forth in Paragraphs 1 – 43. And RCL further responds:

5

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131 · TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

44. Admitted that RCL advertised and sold the subject shore excursion. All other allegations denied.

45. Denied, including all subparts.

46. Denied.

47. Denied, including all subparts.

48. Denied, including all subparts.

49. Denied.

WHEREFORE, Defendant, RCL demands this Court dismiss this action with prejudice and enter judgment in its favor, awarding costs and such other and further relief as this Court deems just and proper.

## COUNT II
### (Negligent Selection and Retention of Tour Operator Against RCL)

RCL restates and incorporates by reference its responses to the allegations set forth in Paragraphs 1 – 49.  And RCL further responds:

50. Denied as phrased.

51. Denied, including all subparts.

52. Denied, including all subparts.

53. Denied.

WHEREFORE, Defendant, RCL demands this Court dismiss this action with prejudice and enter judgment in its favor, awarding costs and such other and further relief as this Court deems just and proper.

CASE NO.: 16-CV-23775-FAM

## COUNT III
### (Negligence Against MC Tours)

RCL restates and incorporates by reference its responses to the allegations set forth in Paragraphs 1 – 53. And while this claim is not directed against RCL, it further responds:

54. This claim is not directed against RCL and thus no response is required.
55. This claim is not directed against RCL and thus no response is required.
56. This claim is not directed against RCL and thus no response is required.
57. This claim is not directed against RCL and thus no response is required.
58. This claim is not directed against RCL and thus no response is required.
59. This claim is not directed against RCL and thus no response is required.
60. This claim is not directed against RCL and thus no response is required.

WHEREFORE, Defendant, RCL demands this Court dismiss this action with prejudice and enter judgment in its favor, awarding costs and such other and further relief as this Court deems just and proper.

## COUNT IV
### (NEGLIGENCE AGAINST GRUPO PALMAS)

RCL restates and incorporates by reference its responses to the allegations set forth in Paragraphs 1 – 60. And while this claim is not directed against RCL, it further responds:

61. This claim is not directed against RCL and thus no response is required.
62. This claim is not directed against RCL and thus no response is required.
63. This claim is not directed against RCL and thus no response is required.

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131 · TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

64. This claim is not directed against RCL and thus no response is required.

65. This claim is not directed against RCL and thus no response is required.

66. This claim is not directed against RCL and thus no response is required.

67. This claim is not directed against RCL and thus no response is required.

WHEREFORE, Defendant, RCL demands this Court dismiss this action with prejudice and enter judgment in its favor, awarding costs and such other and further relief as this Court deems just and proper.

## COUNT V
## (NEGLIGENCE AGAINST CARIBE SKY)

RCL restates and incorporates by reference its responses to the allegations set forth in Paragraphs 1 – 67. And while this claim is not directed against RCL, it further responds:

68. This claim is not directed against RCL and thus no response is required.

69. This claim is not directed against RCL and thus no response is required.

70. This claim is not directed against RCL and thus no response is required.

71. This claim is not directed against RCL and thus no response is required.

72. This claim is not directed against RCL and thus no response is required.

73. This claim is not directed against RCL and thus no response is required.

74. This claim is not directed against RCL and thus no response is required.

WHEREFORE, Defendant, RCL demands this Court dismiss this action with prejudice and enter judgment in its favor, awarding costs and such other and further relief as this Court deems just and proper.

## COUNT V
## (APPARENT AGENCY OR AGENCY BY ESTOPPEL CLAIM AGAINST RCCL)

RCL restates and incorporates by reference its responses to the allegations set forth in Paragraphs 1 – 74.  And further responds:

75. Denied, including all subparts.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

WHEREFORE, Defendant, RCL demands this Court dismiss this action with prejudice and enter judgment in its favor, awarding costs and such other and further relief as this Court deems just and proper.

## COUNT VI
## (JOINT VENTURE BETWEEN RCCL, MC TOURS AND/OR GRUPO PALMAS AND/OR CARIBE SKY)

RCL restates and incorporates by reference its responses to the allegations set forth in Paragraphs 1 – 80.  And further responds:

81. Denied.

82. Admitted that RCL and MC Tours entered into a Tour Operator Agreement. All other allegations denied.

83. Denied.

84. Denied.

85. Denied.

86. Admitted that MC Tours controlled the subject tour. All other allegations are denied.

87. Denied.

88. Denied.

89. Denied.

90. Denied.

91. Denied.

92. Denied.

93. Denied, including all subparts.

94. Denied.

95. Denied.

WHEREFORE, Defendant, RCL demands this Court dismiss this action with prejudice and enter judgment in its favor, awarding costs and such other and further relief as this Court deems just and proper.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

RCL alleges that Plaintiff's Amended Complaint fails to state a cause of action for which relief may be granted, and should be dismissed with prejudice.

### Second Affirmative Defense

RCL alleges that Plaintiff's injuries were caused either in whole or in part by her own acts of negligence, including but not limited to failure to exercise reasonable

10

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131 · TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

care for his own safety, and any award should be reduced accordingly by the principles of comparative fault.

### Third Affirmative Defense

RCL alleges that Plaintiff's own acts of negligence amount to a superseding cause that cuts off any causal connection between RCL's alleged negligence and Plaintiff's injuries. Alternatively, RCL alleges that Plaintiff's damages were caused either in whole or in part by the acts and/or omissions of third persons for whom RCL is not responsible and that amount to a superseding cause that cuts off any causal connection between RCL's alleged negligence and Plaintiff's injuries.

### Fourth Affirmative Defense

RCL alleges that no dangerous condition existed that caused or contributed to Plaintiff's alleged incident. Alternatively, if the dangerous condition described in Plaintiff's Amended Complaint did exist, RCL alleges the Plaintiff failed to observe an open and obvious condition; and it was the negligence of the Plaintiff in failing to use her own senses, which gave rise to the alleged accident and any alleged injury arising there from, and therefore Plaintiff cannot recover for the alleged accident.

### Fifth Affirmative Defense

RCL alleges that Plaintiff's claim fails as (a) RCL had no actual or constructive notice of any dangerous condition or hazard; (b) that the alleged hazard or dangerous condition was not dangerous and in any event that it could be considered dangerous, did not exist for a sufficient length of time to permit RCL to discover it; (c) RCL did not create the alleged dangerous or defective condition; (d) that the

11

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131 · TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

alleged dangerous condition was not reasonably foreseeable to RCL; (e) RCL did not own, operate, maintain and/or control the area in which such a condition existed; and/or (f) RCL alleges that no dangerous condition existed that caused Plaintiff's accident.

### Sixth Affirmative Defense

RCL alleges and invokes the terms and conditions of the "cruise ticket contract" upon which Plaintiff boarded the subject cruise vessel and asserts that the Plaintiff's action is precluded by the limitations, disclaimers, terms and conditions contained therein including any alleged injury caused by Plaintiff's activities while participating in a shore excursion operated and controlled by an independent contractor in Honduras.

### Seventh Affirmative Defense

RCL alleges that Plaintiff expressly and/or impliedly assumed the risk involved in the alleged condition, knew or should have known of the dangers complained of in the Amended Complaint, realized and appreciated the possibility of injury as a result of the dangers, and having reasonable opportunity to avoid them, voluntarily exposed herself to the dangers, and therefore RCL is not liable for her injuries and alleged damages.

### Eighth Affirmative Defense

RCL alleges that the injuries alleged by Plaintiff in her Amended Complaint were either not caused by RCL, and/or were pre-existing (or would have ensued in the natural progression of his preexisting conditions), and therefore Plaintiff cannot

12

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131 · TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

recover any damages from RCL. Alternatively, if the Plaintiff were injured as alleged, such injuries extend only to an aggravation of the pre-existing condition.

### Ninth Affirmative Defense

RCL alleges that Plaintiff failed to mitigate her damages, or alternatively, Plaintiff mitigated her damages, and therefore, any damages award should be reduced accordingly.

### Tenth Affirmative Defense

RCL alleges it is entitled to a set-off for any and all monies paid on behalf of Plaintiff towards her treatment and medical care as well as any monies received from collateral sources.

### Eleventh Affirmative Defense

RCL alleges the liability of non-party tortfeasors should be considered by this Court and the percentage of fault attributed to such non-party tortfeasors be considered when apportioning damages.

### Twelfth Affirmative Defense

RCL alleges that if the alleged tort occurred on navigable waters, or under other circumstances within the scope of federal maritime law, then the general maritime law of the United States applies to RCL, to the exclusion of state law.

### Thirteenth Affirmative Defense

RCL alleges there was no breach of a duty to warn Plaintiff and that it never guaranteed the safety of Plaintiff during the subject shore excursion or the suitability of said excursion.

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131 · TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

**Fourteenth Affirmative Defense**

RCL alleges that it was not the owner, operator, or otherwise did control or maintain the subject shore excursion or the equipment used in subject shore excursion as described in Plaintiff's Amended Complaint, and therefore did not owe the Plaintiff any duty.

**Fifteenth Affirmative Defense**

RCL alleges that it did not own, operate, lease, manage, maintain and/or control the subject shore excursion, nor did it own, operate, lease, manage, maintain and/or control any of the equipment used in the subject shore excursion described in Plaintiff's amended Complaint. The subject shore excursion was owned, operated, maintained, managed and/or controlled by an independent contractor, who has never been RCL's agent, has never been in a joint venture with RCL, and has never been employee or representative of RCL. As such, RCL is not liable for any alleged incident or harm sustained by the Plaintiff

**Sixteenth Affirmative Defense**

RCL alleges and invokes the terms and conditions of the subject shore excursion ticket contract and asserts that the Plaintiff's action is subject to the limitations, terms and conditions contained therein.

**Seventeenth Affirmative Defense**

RCL alleges that Plaintiff does not have a cause of action for negligent selection and retention of the tour operator, which was an independent contractor. RCL fulfilled the duty it may have had with respect to selection and retention, which

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131 · TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690

requires it make a general inquiry into the general reputation and safety record of the subject tour operator and the subject excursion.

### Eighteenth Affirmative Defense

RCL alleges Plaintiff's claims are timed barred by the applicable contracts, statute of limitations and/or equitable doctrine of laches.

### Nineteenth Affirmative Defense

RCL alleges that Plaintiff does not have a cause of action premised apparent agency. RCL made numerous representations to the Plaintiff that RCL did not own, operate, manage of control the subject excursion and that excursion was owned, managed, operated and control by independent contractors. Any purported belief to the contrary is unreasonable as a matter of law.

RCL reserves the right to amend and/or supplement these affirmative defenses as discovery is ongoing.

/s/ Carlos J. Chardon
Jerry D. Hamilton
Florida Bar No. 970700
Carlos J. Chardon
Florida Bar No. 517631
Samantha S. Loveland
Florida Bar No. 92846
HAMILTON, MILLER & BIRTHISEL, LLP.
150 S.E. Second Avenue, Suite 1200
Miami, Florida 33131
Telephone:   305-379-3686
Facsimile:   305-379-3690
Attorneys for Defendant
jhamilton@hamiltonmillerlaw.com
cchardon@hamiltonmillerlaw.com
sloveland@hamiltonmillerlaw.com

CASE NO.: 16-CV-23775-FAM

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on November 24, 2016 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically notices of Electronic Filing.

/s/ Carlos J. Chardon
Carlos J. Chardon

## SERVICE LIST

Keith S. Brais, Esq.
Kbrais@braislaw.com
BRAIS & ASSOCIATES PA
New World Tower Suite 800
Miami, Florida 33132
Tel. (305) 416-2901
Fax (305) 416-2902
*Attorneys for Plaintiff*

Jerry D. Hamilton, Esq.
jhamilton@hamiltonmillerlaw.com
Carlos J. Chardon
cchardon@hamiltonmillerlaw.com
Samantha S. Loveland
sloveland@hamiltonmillerlaw.com
Hamilton, Miller & Birthisel, LLP
150 S.E. Second Avenue, Suite 1200
Miami, Florida 33131
Telephone:   305-379-3686
Facsimile:    305-379-3690
*Counsel for Royal Caribbean Cruises, Ltd.*

HAMILTON, MILLER & BIRTHISEL LLP
150 SOUTHEAST SECOND AVENUE, SUITE 1200 · MIAMI, FLORIDA 33131 · TELEPHONE: 305-379-3686 · FACSIMILE: 305-379-3690